**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**AT PIKEVILLE**

**CIVIL ACTION NO. 21-79-DLB**

**PHILIP COMBS** *d/b/a*
**COMBS TOWING AND RECOVERY**                                                   **PLAINTIFF**

**v.**                                         **MEMORANDUM ORDER**

**DAVEY TREE EXPERT COMPANY, et al.**                                           **DEFENDANTS**

\*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\*

**I.    INTRODUCTION**

This matter is before the Court on Plaintiff's Motion to Remand. (Doc. # 4). Plaintiff Philip Combs ("Combs") initially filed suit in Knott Circuit Court against Defendants Davey Tree Expert Company and Davey Resource Group, Inc. ("Defendants"). (Doc. # 1-1). Defendants then removed the action to this Court. (Doc. # 1). Because Defendants have failed to meet their burden and establish that removal was proper, Plaintiff's Motion to Remand will be **granted**.

**II.   FACTUAL AND PROCEDURAL BACKGROUND**

After a car accident took place in Knott County, Kentucky, Combs towed and took possession of a truck. (Docs. # 1-1 ¶ 4 and 1-2). Combs allegedly stored the truck for over two years without compensation for either the towing or storage of the vehicle. (Doc. # 1-1 ¶¶ 5,8). As a result, Combs filed the Complaint in state court seeking compensatory damages for towing and storage fees and in the alternative, title to the abandoned vehicle; pre and post judgment interest; costs and attorney's fees; and any other relief. (Doc. # 1-1 at 7). A few weeks later, Combs sent an initial settlement demand letter requesting

1

$25,000 and to "retain the truck" in exchange for a release of all claims. (Doc. # 1-2). Apparently, that letter was not well received because Combs sent a second letter a few days later requesting $75,000 to settle, which included "claims for violation of the Kentucky Unfair Claims Settlement Practices Act." (Doc. # 1-3). Defendants interpreted the second letter's demand for $75,000 as an appropriate basis for removal of the action to this Court. (Doc. # 1 ¶¶ 11-12). The parties dispute whether the second letter adequately establishes that the amount in controversy exceeds $75,000, which is necessary for this Court to exercise diversity jurisdiction over the matter. *See* 28 U.S.C. § 1332(a); (Docs. # 4, 5, and 6). Combs also seeks an award of costs and fees for Defendants' allegedly improper removal. (Doc. # 4 at 4).

III.  ANALYSIS

   A.  **Diversity Jurisdiction**

A defendant may remove a civil action brought in state court to a federal court embracing the place where such action is pending only if the action is one over which the federal court could have exercised original jurisdiction. *See* 28 U.S.C. §§ 1441, 1446. This Court has original "diversity" jurisdiction over all civil actions when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" those who are "citizens of different states." *See* 28 U.S.C. § 1332(a)(1). For diversity jurisdiction to attach, "all parties on one side of the litigation [must be] of a different citizenship from all parties to the other side of the litigation." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999) (internal quotations omitted). The party seeking removal bears the burden of establishing the right to removal. *Id.* at 493 (citations omitted). The parties do not dispute that there is complete diversity of citizenship, so the

2

Court will only focus on the amount-in-controversy requirement.[1]

### 1.   *Amount in Controversy Requirement*

The guiding principle in this Court's review is that the removal statute "should be strictly construed and all doubts resolved in favor of remand." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006) (internal quotations and citations omitted). The Sixth Circuit requires "the removing defendant [to] show that it is 'more likely than not' that the plaintiff's claims meet the amount in controversy requirement." *Rogers v. Wal–Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (quoting *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993)). However, this "does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement." *Gafford*, 997 F.2d at 150. In short, Defendants bear the burden of showing that it is "more likely than not" that Combs is "entitled to a recovery of at least $ 75,000.01, should he be successful in proving his legal claims." *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 470 (6th Cir. 2019) (citations omitted). In its review, the Court may "look beyond the pleadings to assess challenged facts," including affidavits and documents. *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320 (6th Cir. 2007).

Defendants argue that (1) Combs' second demand letter establishes that the amount in controversy exceeds $75,000 and (2) in the alternative, that when the letter is coupled with Combs' requests to recover attorney's fees, statutory interest, and threat to

---

[1] While not facially apparent, the filings indicate that Combs is a citizen of Kentucky and Defendants are citizens of Ohio, therefore the complete diversity requirement is met. (Docs. # 1 ¶ 5 and 1-1 ¶ 1); *Coyne*, 183 F.3d at 492 (6th Cir. 1999) (noting that for complete diversity to exist all parties on one side of the litigation must be of a different citizenship from all parties to the other side of the litigation); *see* 28 U.S.C. § 1332(c)(1) (noting that a corporation is a "citizen of every State and foreign state where it has its principal place of business.").

assert additional claims under the Kentucky Unfair Claims Settlement Practices Act ("KUCSPA") the amount in controversy exceeds $75,000. (Docs. # 5 at 4-6). The Court will address each argument on its own merits.

### a. Demand Letter

While a settlement demand is "*some* evidence of the amount in controversy," it is still true that "the amount that a party demands to settle a case is not especially strong evidence of the amount in controversy." *Smith v. Phillips & Jordan, Inc.*, No. 10-134-ART, 2011 WL 250435, at *2 (E.D. Ky. Jan. 24, 2011) (internal quotations omitted). "After all, highballing the initial settlement demand is Negotiation 101." *May v. Wal-Mart Stores*, 751 F. Supp. 2d 946, 949 (E.D. Ky. 2010). However, some courts have held that the amount in controversy requirement is satisfied where the initial settlement demand requests an amount in excess of $75,000. *Smith*, 2011 WL 250435, at *2; *Hunt as Next Friend of D.W. v. Frank*, No. 1:20-CV-00035-GNS, 2020 WL 1816056, at *2 (W.D. Ky. Apr. 9, 2020).

Combs' initial demand letter sought $25,000 and to retain the truck in exchange for a release of all claims. (Doc. # 1-2). If the value of the truck were over $50,000 then there would be some argument that the amount in controversy has been met. However, the Court has no idea whether that is the case; Combs correctly points out that Defendants have failed to set forth any evidence about the value of the truck or the costs that Combs incurred towing and storing it, which would require the Court to speculate as to those amounts. (Doc. # 4 at 2); *see McKinney v. ICG, LLC*, No. 13-12-ART, 2013 WL 1898632, at *3 (E.D. Ky. May 7, 2013) (noting that when the parties failed to provide estimates of the cost of repair to a vehicle, the court would have to engage in improper

4

speculation to assess damages). Instead, Defendants noticed that Combs' second letter included the golden number: $75,000 and raced to the federal courthouse.

Likewise, Combs' second demand letter, on its own, simply does not establish that the amount in controversy exceeds $75,000. The letter states that Combs "now demand[s] $75,000 and that will also *include* the claims for violation of [KUCSPA]." [2] (Doc. # 1-3) (emphasis added). Nowhere in the letter does Combs request anything *in addition* to $75,000, meaning the amount in controversy could be below, equal to, or above that amount.[3] *Smith*, 2011 WL 250435, at *2 (finding that a demand letter for $65,000 could mean that the amount in controversy is less than, equal to, or even greater than $65,000, but "does not demonstrate by a preponderance of the evidence" that it is greater than $75,000). Thus, even if this Court were to believe that the letter establishes the amount in controversy—which it does not—it would still not *exceed* $75,000 as the demand amount would be one penny short. *Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 255 (6th Cir. 2011) ("[T]he amount in controversy in this case is $75,000—exactly one penny short of the jurisdictional minimum of the federal courts."). Defendants drastically underestimate the power of the penny; it can completely strip this Court of its jurisdiction over this matter. *Id.* at 254 ("The absence of [a] single penny deprive[s] the district court of subject-matter jurisdiction . . . .").

---

[2] While Defendants proffer that Combs' second letter requests "$75,000 plus the transfer of title to the subject vehicle," the letter simply requests $75,000 without mention of title to the truck. (Docs. # 1-3 and 5 at 5). Combs rightfully points this out in the Reply. (Doc. # 6 at 1-2).

[3] Further, the Court takes note—and is skeptical—of the fact that the initial demand was only for $25,000 and to retain the truck whereas the second letter requested $75,000 only five days later, during which seemingly no discovery took place. *Compare* (Doc. # 1-2) *with* (Doc. # 1-3).

5

Unfortunately for Defendants, "simply saying that the amount-in-controversy requirement is met does not make it so." *King v. Household Fin. Corp. II*, 593 F. Supp. 2d 958, 960 (E.D. Ky. 2009). Accordingly, Defendants' arguments regarding Combs' demand letter fail to prove that it is more likely than not that the amount in controversy exceeds $75,000.

### b.   Additional Claims

In calculating the amount in controversy, courts can consider statutorily authorized attorney's fees. *Hampton v. Safeco Ins. Co. of Am.*, 614 F. App'x 321, 323 (6th Cir. 2015); *see Heyman*, 781 F. App'x at 473. However, the Court must look to the claims made in Combs' Complaint as "the amount in controversy is measured solely by the direct monetary value of the damages the plaintiffs seek in [the] complaint." *Walker v. ProNational Ins. Co.*, No. 12-100-ART, 2012 WL 6060368, at *2 (E.D. Ky. Dec. 5, 2012). As such, unasserted claims are unhelpful and irrelevant. *Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 254 (6th Cir. 2011) ("[T]he unsubstantiated possibility of future claims under an insurance policy cannot be enough to satisfy the amount in controversy requirement.").

Accordingly, Defendants' alternative argument that Combs' second letter, combined with the requests for attorney's fees, interest, and threat to assert additional KUCSPA claims is also unavailing. (Doc. # 5 at 5-6). In the Complaint, Combs demands compensatory damages for towing and storage fees and in the alternative, title to the abandoned vehicle; pre and post judgment interest; costs and attorney's fees; and any other relief. (Doc. # 1-1 at 7).

6

As an initial matter, the KUCSPA claims were only threatened in the second demand letter, and never asserted in the Complaint, so they are irrelevant to the amount in controversy. *See Walker*, 2012 WL 6060368, at *2; *see also Freeland*, 632 F.3d at 254. Even if they were relevant, the second letter clearly included the KUCSPA claims in the $75,000 demand. (Doc. # 1-3) ("[W]e now demand $75,000 and that will also include the claims for violation of the [KUCSPA]".).

Regarding interest, which was included in the Complaint, the statute speaks for itself: "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, *exclusive of interest and costs* . . . ." 28 U.S.C. § 1332(a) (emphasis added). Congress was clear: interest is not included in consideration of the amount in controversy. *Heyman*, 781 F. App'x at 475 ("The district court properly declined to consider interest when determining the amount in controversy.").

Lastly, while Combs does request attorney's fees in the Complaint, and attorney's fees may be considered in calculating the amount in controversy under certain circumstances, that does not assist Defendants here with satisfying their burden in establishing removal jurisdiction for two reasons. (Doc. # 1-1 at 7). First, Combs' second demand letter requests $75,000 in exchange for a release of all claims, including attorney's fees. (Doc. # 1-3). That alone is sufficient to refute Defendants' argument that they should be considered in addition to the letter. Second, the Sixth Circuit has made clear that "[a]s a general rule, attorneys' fees are excludable in determining the amount in controversy for purposes of diversity, *unless the fees are provided for by contract or where a statute mandates or expressly allows the payment of such fees*." *Heyman*, 781

F. App'x at 473 (alteration in original) (internal quotations and citations omitted).  Here, there is no statute—and the parties do not point to one—under which Combs requests attorney's fees, rather Combs makes a general request in the Complaint for "[a]ttorney's fees and costs herein expended."  (Doc. # 1-1 at 7).

For these reasons, the Court concludes that Defendants have failed to establish that removal was proper.  As a result, remand is warranted.

### 2. *Plaintiff's Request for Award of Attorney's Fees*

Combs requests that the Court use its discretion under 28 U.S.C. § 1447(c) to award reasonable attorney's fees and costs because of Defendants' improper removal attempt.  (Doc. # 4 at 4).  While it is true that the statute provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal," the Supreme Court has said that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  28 U.S.C. § 1447(c); *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

Here, Defendants' basis for removal was not objectively unreasonable.  Indeed, the court in *Smith* found, when confronted with a similar situation, that while a "demand letter [did] not establish by a preponderance that the amount in controversy exceeds $75,000, it was not objectively unreasonable for [defendant] to believe that it [did]."  2011 WL 250435, at *3.  The demand amount in *Smith* was for $65,000, here it was for $75,000, which is much closer to the jurisdictional amount.  *Id.* at *2; (Doc. # 1-3).  Accordingly, the Court denies Combs' request for attorney's fees and costs.

### IV. CONCLUSION

Having considered the parties' arguments and the applicable law, Defendants are unfortunately a penny late and a dollar short. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand (Doc. # 4) is **GRANTED** and this matter is remanded to the Knott Circuit Court; and

**IT IS FURTHER ORDERED** that this matter is **STRICKEN** from the Court's active docket.

This 31st day of March, 2022.



Signed By:
David L. Bunning
United States District Judge

K:\DATA\ORDERS\PikeCivil\2021\21-79 Order Granting Remand.docx